IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 2:23-cv-543-ECM-CWB |
| STEVEN CLAYTON THOMASON, et al., | ) ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case was removed to federal court from the Circuit Court of Montgomery County, Alabama. (Doc. 1). Pursuant to 28 U.S.C. § 636, referral then was made to the Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." (Doc. 3). Among the various matters currently pending for resolution is a Motion to Remand (Doc. 4) filed by Deutsche Bank National Trust Company ("Deutsche"). For the reasons set out below, the Magistrate Judge concludes that the Motion to Remand is due to be granted.

**I.   Factual and Procedural Background**

Deutsche initiated the underlying proceedings on June 16, 2023 with the filing of a Complaint in its capacity as Trustee for Home Equity Mortgage Loan Asset-Back Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates Series INABS 2006-A. (Doc. 1-1). The state court case was the latest in a series of legal proceedings between Deutsche and Steven Clayton Thomason ("Thomason") related to a mortgage loan on certain real property located at 901 Seibels Road in Montgomery, Alabama. (*Id*. at pp. 1-4). After foreclosing on the loan and acquiring the property at the ensuing foreclosure sale, Deutsche

sought relief in the Circuit Court of Montgomery County, Alabama to eject Thomason from the property and to declare that Thomason had forfeited his right of redemption.  (*Id*. at pp. 4-5).

The state court record reflects that Thomason was served with process on July 30, 2023 via private process server.  (Doc. 1-3 at p. 17).   Thomason appeared *pro se* in the state court case on August 21, 2023.  (*Id*. at p. 18).   Not until September 13, 2023, however, did Thomason remove the case to federal court.  (*Id*. at p. 219; *see also* Doc. 1).  Deutsche in turn filed its Motion to Remand on September 26, 2023.  (Doc. 4).  According to Deutsche, remand is proper (1) because removal to federal court was untimely, (2) because Thomason was previously enjoined in Case No. 2:22-cv-00052 from filling suit against Deutsche "pertaining to the subject property, its mortgage, and/or its foreclosure," (3) because federal subject matter jurisdiction is lacking, and (4) because Thomson failed to submit a proper disclosure under Rule 7.1 of the Federal Rules of Civil Procedure.  (Doc. 4 at pp. 4-6).

**II.    Legal Standard**

The procedural requirements for removing cases to federal court are set out by statute at 28 U.S.C. § 1446.  When a case is removable based upon the allegations of the complaint, § 1446(b)(1) imposes a 30-day time limit:

> The notice of removal of a civil action or proceeding **shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based**, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (emphasis added).  "The Supreme Court has interpreted this language to mean that a 'defendant's time to remove is triggered by simultaneous service of the summons and complaint … .'"  *Colvin v. Brennan*, No. 2:19-cv-757-WKW-KFP, 2020 WL 7265934, *2 (M.D. Ala. Nov. 17, 2020), *report and recommendation adopted sub nom. Colvin v. Dejoy*,

2

No. 2:19-cv-757-WKW, 2020 WL 7265365 (M.D. Ala. Dec. 10, 2020) (citation omitted).

Although the time-limit set out in § 1446(b)(1) is not jurisdictional and may be waived, a "[t]imely objection to a late petition for removal will … result in remand." *Webster v. Dow United Techs. Composite Prods., Inc*., 925 F. Supp. 727, 729 (M.D. Ala. 1996) (citations omitted). Stated differently, when an objection to an untimely removal is asserted, "the time requirement is mandatory and must be strictly applied." *Id*. (citations omitted). An objection and request for remand is timely if "made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c)

## III.   Discussion

Deutsche properly objected to removal and filed a motion to remand within the 30-day period permitted under 28 U.S.C. § 1447(c).  (*See* Docs. 1 & 4).  The question for the court thus is simply whether Thomason removed this case to federal court within the period permitted by 28 U.S.C. § 1446(b)(1).

Both the Summons and the Complaint were served upon Thomason by delivery to his daughter, Norcisse Thomason, at the 901 Seibels Road property on July 30, 2023.  (Doc. 1-3 at p. 17).  Rule 4(c)(1) of the Alabama Rules of Civil Procedure authorizes service of process upon an individual "by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein."  In that regard, the Return on Service specifically denoted that Thomason's daughter "is of suitable age and discretion and resides at the residence with the subject."  (Doc. 1-3 at p. 17).  Moreover, Thomason raised no challenge to service of process in his initial filing.  *See* Ala. R. Civ. P. 12(h) (providing that a defense based on insufficiency of service of process is waived if not presented in a timely motion under Rule 12 or in a responsive pleading).

3

With service of process having been perfected on July 30, 2023, it was incumbent upon Thomason to file a notice of removal within 30 days, to wit, on or before August 29, 2023. Yet Thomason did not remove this case to federal court until September 13, 2023. (Doc. 1). That effort came 15 days too late.

The Eleventh Circuit has explained that the time limit imposed by 28 U.S.C. § 1446(b) is mandatory:

> The "legal requisites" of removal are found in the removal statutes and include, *inter alia*, those enunciated in § 1446(a) (the filing requirements) and § 1446(b) (the timeliness requirement).  **The failure to comply with these express statutory requirements for removal can fairly be said to render the removal "defective" and justify remand pursuant to §1447(c)**.

*Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999) (emphasis added). As such, a remand to state court is compulsory in this instance. *See, e.g., Daniel v. United Wisconsin Life Ins. Co.*, 84 F. Supp. 2d 1353, 1357 (M.D. Ala. 2000) ("Because the defendants filed their notice of removal 33 days after receiving Daniel's complaint, their notice of removal was not timely, and remand is proper."); *Cowan v. Connolly*, No. 3:16-cv-234-MHT-PWG, 2016 WL 3406253, *2 (M.D. Ala. May 18, 2016) (remanding case when removal occurred 31 days after service: "Defendant's Notice of Removal was untimely, facially deficient, and due to be remanded to the Circuit Court of Russell County, Alabama.").

"Removal is a privilege accorded by statute, and a removing party must comply with the statutory requirements in order to invoke the statute." *Clingan v. Celtic Life Inc. Co.*, 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003). It further is settled that the burden falls upon the removing party to demonstrate removal as proper. *Webster*, 925 F. Supp. at 729-730 (citations omitted); *Granger v. Wilbert, Inc.*, No. 3:10-cv-488-MEF, 2011 WL 332393, *2 (M.D. Ala. Jan. 31, 2011). Thomason is unable to satisfy that burden here.

### IV. Conclusion

Accordingly, the Magistrate Judge concludes that this case is due to be remanded to the Circuit Court of Montgomery County, Alabama and hereby **RECOMMENDS** that the pending Motion to Remand (Doc. 4) be **GRANTED**.[1]

It is **ORDERED** that any objections to this Recommendation must be filed by **November 27, 2023**. An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s). Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection has been made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations, and the court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

**DONE** this the 13th day of November 2023.

*/s/ Chad W. Bryan*
CHAD W. BRYAN
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The untimeliness of removal renders it unnecessary to address Deutsche's remaining arguments for remand. *See Granger*, 2011 WL 332393 at *2 ("Because the Court concludes that the removal was not timely filed, it need not, and will not, address the amount in controversy."); *see also Jones v. H&S Homes, L.L.C.*, No. 3:08-cv-571-MEF, 2008 WL 4600999, *1 (M.D. Ala. Oct. 15, 2008) (same).