IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, *as Trustee*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL CASE NO. 2:23-cv-543-ECM ) [WO] |
| STEVEN CLAYTON THOMASON, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

On November 13, 2023, the Magistrate Judge entered a Recommendation that Plaintiff Deutsche Bank National Trust Company's ("Deutsche Bank") motion to remand (doc. 4) be granted and this case be remanded to Montgomery County Circuit Court. (Doc. 16). Defendants Steven Clayton Thomason ("Clayton Thomason") and Bre Thomason ("Bre Thomason") (collectively, "Defendants") timely filed objections to the Recommendation. (Doc. 17). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Defendants' objections, the Court concludes that the Defendants' objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, Deutsche Bank's motion to remand is due to be granted, and this case is due to be remanded to Montgomery County Circuit Court.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject,

or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

    Before addressing the Defendants' objections, the Court sets forth the following procedural history for context. As the Magistrate Judge observed in the Recommendation, this action is the latest in a series of legal proceedings between Deutsche Bank and Clayton Thomason concerning a mortgage loan on certain real property in Montgomery, Alabama. On June 16, 2023, Deutsche Bank filed a complaint against Clayton Thomason in the Circuit Court of Montgomery County, Alabama, seeking to eject him from the property and to declare that he has forfeited his right of redemption. (Doc. 1-1). Bre Thomason was not named as a defendant. Clayton Thomason was served on July 30, 2023. (Doc. 1-3). On August 30, 2023, non-party Bre Thomason filed a motion to stay the proceedings on the grounds that she is on active-duty status. (Doc. 1-3 at 46). Bre Thomason also filed a motion to intervene. The state court set a hearing for September 6, 2023, on Bre

2

Thomason's motions and a separate motion filed by Clayton Thomason. On September 7, 2023, the state court entered an order reflecting that neither Clayton Thomason nor Bre Thomason appeared at the hearing and that their motions were denied. (Doc. 17-2). On September 13, 2023, a document titled "Counter Claim/Complaint" was filed by "Defendants Bre Leonna Thomason and Clayton Thomason." (Doc. 1). In the document, "Defendants Bre Leonna Thomason and Clayton Thomason . . . g[ave] notice of its removal of this action." (*Id.* at 1). Accordingly, the Court construed the filing as a notice of removal. The notice of removal asserts that Bre Thomason is a service member and a "rightful property owner[]." (*Id.* at 2). In the Recommendation, the Magistrate Judge concluded that the notice of removal was untimely because it was filed more than 30 days after Clayton Thomason was served, in contravention of 28 U.S.C. § 1446(b)(1).

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Defendants' objections. To the extent the Defendants make conclusory objections, these objections are reviewed for clear error and are due to be overruled.

In their objections, the Defendants argue that the Magistrate Judge erred in concluding that the notice of removal was untimely because, according to the Defendants, the Magistrate Judge failed to consider the second statutory timeframe under which a defendant may remove a case. The Defendants contend that when the basis for federal jurisdiction becomes apparent through the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

3

which is or has become removable," the defendant may remove by filing a notice of removal "within 30 days after receipt by the defendant" of the amended pleading, motion, order or other paper. *See* 28 U.S.C. § 1446(b)(3).  The Defendants further contend that Bre Thomason's "Active-Duty Orders that prevented her from attending the State Court hearing qualify as other papers" triggering the 30-day window under § 1446(b)(3). (Doc. 17 at 7).  Although Bre Thomason asserts in a document attached to the objections that a copy of her Active-Duty Orders "are in the removed case file," (doc. 17-1 at 2), the Defendants fail to provide a specific citation to the record.  Although not obligated to do so, the Court independently reviewed the record and was unable to locate a copy of Bre Thomason's Active-Duty Orders.

    The Defendants' argument fails because they have not established that the referenced Active-Duty Orders qualify as an "other paper from which it may first be ascertained that *the case is one which is or has become removable*," *see* 28 U.S.C. § 1446(b)(3) (emphasis added).  Even if Bre Thomason's Active-Duty Orders did qualify as an "other paper" triggering the 30-day removal period in § 1446(b)(3), the Defendants have nonetheless failed to show that removal was timely because they have failed to establish when either Defendant received this "other paper."  When removing an action based on receipt of an "other paper," the notice of removal must be filed "within 30 days after receipt by the defendant" of the other paper. *See id.*[1]  Without evidence of when either

---

[1] The Court will assume without deciding that Bre Thomason and Clayton Thomason each qualify as a "defendant" whose receipt of an "other paper" would trigger the 30-day removal period under § 1446(b)(3).

Defendant received the Active-Duty Orders, the Court cannot ascertain whether the notice of removal was filed "within 30 days after receipt by the defendant" of the Active-Duty Orders. *See* 28 U.S.C. § 1446(b)(3). Therefore, the Defendants have failed to show that the notice of removal was timely filed. Consequently, their objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows that:

1. The Defendants' objections (doc. 17) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 16) is ADOPTED;

3. Deutsche Bank's motion to remand (doc. 4) is GRANTED;

4. This case is REMANDED to the Circuit Court of Montgomery County, Alabama;

5. The Clerk of the Court is DIRECTED to take all steps necessary to effectuate the remand to the Circuit Court of Montgomery County, Alabama.

DONE this 28th day of November, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE